IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01962-BNB

KENNETH L. SHEPARD,

     Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,

     Defendant.

_____

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

_____

     Plaintiff, Kenneth L. Shepard, currently is incarcerated at the Denver County Jail. He submitted *pro se* an amended Prisoner Complaint (ECF No. 6) for money damages and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5).  Mr. Shepard has been granted leave to proceed pursuant to § 1915.

     The Court must construe Mr. Shepard's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Shepard will be directed to file a second amended complaint.

     Mr. Shepard is suing an improper party.  Mr. Shepard may not sue the Colorado Department of Corrections for money damages.  The State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its

Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by

Congress, the amendment provides absolute immunity from suit in federal courts for

states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584,

588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med.*

*Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh

Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.

1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment

immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh

Amendment applies to all suits against the state and its agencies, regardless of the

relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th

Cir. 2003).

The second amended complaint must comply with the pleading requirements of

Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to

give the opposing parties fair notice of the basis for the claims against them so that they

may respond and to allow the Court to conclude that the allegations, if proven, show

that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc.*

*v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain

(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1),

2

which provides that "[e]ach allegation must be simple, concise, and direct."  Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Shepard fails to provide "a generalized statement of the facts from which the

defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v.*

*Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is

sufficient, and indeed all that is permissible, if the complaint concisely states facts upon

which relief can be granted upon any legally sustainable basis."  *Id.*

Mr. Shepard must present his claims in a manageable and readable format that

allows the Court and the defendants to know what claims are being asserted and to be

able to respond to those claims.  Mr. Shepard must allege, simply and concisely, his

specific claims for relief, including the specific rights that allegedly have been violated

and the specific acts of each defendant that allegedly violated his rights.  The Court

does not require a long, chronological recitation of facts. Nor should the Court or

defendants be required to sift through Mr. Shepard's allegations to locate the heart of

each claim.  The general rule that *pro se* pleadings must be construed liberally has

limits and "the Court cannot take on the responsibility of serving as the litigant's attorney

in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux*

*& Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the second amended complaint he will be directed to file, Mr. Shepard must

assert personal participation by each named defendant.  *See Bennett v. Passic*, 545

F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Shepard

must show how each named individual caused the deprivation of a federal right.  *See*

3

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Shepard may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Shepard uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, the second amended complaint must comply with Rule 10.1 of the Local Rules of Practice for this Court, which requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1E. and G.  The second amended complaint Mr. Shepard will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1.  Mr. Shepard will be given an opportunity to cure the

4

deficiencies in his amended complaint by submitting a second amended complaint that asserts clear and concise claims in compliance with Fed. R. Civ. P. 8 and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Kenneth L. Shepard, **within thirty (30) days from the date of this order**, file a second amended complaint that complies with this order.  It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. Shepard shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the second amended complaint.  It is

FURTHER ORDERED that, if Mr. Shepard fails to file a second amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED August 15, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge